IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Armando Hernandez, Jr.,         ) | |
|         Plaintiff,         ) | CIV 14-01590 PHX DLR MEA |
|         v.              ) | REPORT AND RECOMMENDATION |
| Lonnie G. Stone, et al.,        ) | FOR DISMISSAL WITHOUT PREJUDICE |
|         Defendants.       ) | |

**TO THE HONORABLE DOUGLAS L. RAYES:**

Plaintiff, proceeding pro se, filed a section 1983 complaint on July 11, 2014, while incarcerated at the Pelican Bay State Prison in Crescent City, California. Plaintiff alleged claims arising from his detention in Eloy, Arizona, at the La Palma Correctional Center, which houses inmates detained by the California Department of Corrections and Rehabilitation. See Doc. 1. Plaintiff also docketed a motion for leave to proceed in this matter *in forma pauperis.* On October 23, 2014, Plaintiff docketed a change of address, with his new address reported as the California state prison facility in Lancaster, California. See Doc. 5.

In an order (Doc. 6) entered December 9, 2014, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and dismissed Defendants Johnson and Ladd without

prejudice. The Court ordered Defendants Stone and Sanchez to answer Counts One, Three, Four, and Six, and ordered Defendant McDonald to answer Count Three. The Court ordered Plaintiff to return service packets for Defendants McDonald, Sanchez, and Stone to the Court by January 2, 2015.

At the top of the complaint under Plaintiff's address, the printed complaint form states: "(Failure to notify the Court of your change of address may result in dismissal of this action.)".

Rule 3.4, Local Rules of Civil Procedure for the United States District Court for the District of Arizona requires prisoner-litigants to comply with instructions attached to the Court-approved complaint form for use in section 1983 actions. Those instructions provide: "You must immediately notify the clerk...in writing of any change in your mailing address. Failure to notify the court of any change in your mailing address may result in the dismissal of your case."

The Court's service order warned Plaintiff that his failure to timely comply with the provisions of the order would result in the dismissal of the complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

The Court's service order at Doc. 6 warned Plaintiff:

> If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

-2-

>Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.
>***
>If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court). Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.
> If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of his release or within 60 days of the filing of this Order, whichever is later. The action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

The copy of the service order at Doc. 6 mailed to Plaintiff was returned to the Court as undeliverable on December 16, 2014. See Doc. 8. The return of the service order indicates Plaintiff has been paroled. Plaintiff did not return a service packet to the Court for any defendant.

Plaintiff has a general duty to prosecute this case. Fidelity Phila. Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his current address and to comply with the Court's orders in a timely fashion. This Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised

of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Co., 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser

sanctions." <u>Wanderer v. Johnson</u>, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to keep the Court informed of his address prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available. Without Plaintiff's current address, however, certain alternatives are bound to be futile. Here, as in <u>Carey</u>, "[a]n order to show cause why dismissal is not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail." 856 F.2d at 1441.

Only one less drastic sanction is realistically available. Rule 41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case, the Court could find that a dismissal with prejudice would be unnecessarily harsh.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 41(b), Federal Rules of Civil Procedure, this action be **dismissed without prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length.

Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 9th day of February, 2015.

_____
Mark E. Aspey
United States Magistrate Judge